IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Karen Wood, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Capital Management Services, LP a Delaware limited partnership, and Galaxy International Purchasing, LLC, a Nevada limited liability company, )<br>)<br>)<br>)<br>Defendants. ) | No.   1:15-cv-671<br><br><br><br>Jury Demanded |

**COMPLAINT – CLASS ACTION**

Plaintiff, Karen Wood, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection letter violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and one Defendant reside here.

**PARTIES**

3.      Plaintiff, Karen Wood ("Wood"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt, which was owed for a Household/Orchard Bank account.

4. Defendant, Capital Management Services, LP ("CMS"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant CMS operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant CMS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Galaxy International Purchasing, LLC ("Galaxy"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant Galaxy operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant Galaxy was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant Galaxy is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar.

7. Defendant CMS is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant CMS conducts business in Indiana.

8. Defendant CMS is licensed as a debt collection agency in the State of Indiana, see, records from the Indiana Secretary of State, Securities Division, attached as Exhibit B. In fact, Defendant CMS acts as collection agency in Indiana.

## FACTUAL ALLEGATIONS

9. More than nine years ago, Ms. Wood fell behind on paying her bills, including a debt she allegedly owed for a Household/Orchard Bank credit card. Sometime after that debt became delinquent, it was allegedly purchased/obtained by Galaxy, which began trying to collect upon it, by having Defendant CMS send Ms. Wood an initial form collection letter, dated June 8, 2014. This letter stated:

> \* \* \*
>
> This company has been engaged by Galaxy International Purchasing, LLC to resolve your delinquent debt. As of the date of this letter, you owe $1663.46. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For more information, write the undersigned or call 1-866-232-4279.
>
> \* \* \*

A copy of this collection letter is attached as Exhibit C.

10. The above language is a variant of a safe harbor letter created by the Seventh Circuit in Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, 214 F.3d 872, 876 (7th Cir. 2000), and is to be used by debt collectors only where interest and other charges are continuing to accrue on an account.

11. The letter then went on to state:

> \* \* \*
>
> As a result of the expiration of the statute of limitations with respect to such debt, legal action may not be brought against the consumer to collect such debt. Any payment by the consumer towards the debt may cause the statute of limitations for such debt to reset.
>
> \* \* \*

See, Exhibit C. The statute of limitations in the State of Indiana for collecting the

delinquent debt at issue was, pursuant to Indiana Code § 34-11-2, six years from the date of the last payment.

12. In fact, interest, late charges and other charges were not, and had not been, accruing on Ms. Wood's account. As a matter of policy, the original creditor ceased charging interest, late charges and other charges after the account was charged off. Moreover, the alleged current creditor, Defendant Galaxy was not, in fact, charging any interest on this debt.

13. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA –
### False, Deceptive Or Misleading Collection Actions

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt, including falsely representing the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A), as well as threatening to take any action that cannot legally be taken, see, 15 U.S.C. § 1692e(5).

17. Attempts by debt collectors to collect time-barred debts violate § 1692e of the FDCPA, see, Phillips v. Asset Acceptance, 736 F.3d 1076, 1079 (7th Cir. 2013); and, McMahon v. LVNV Funding, 744 F.3d 1010, 1020-1021 (7th Cir. 2014).

18. Although Defendants provided information that the debt was time-barred, they contradicted that information by threatening the imposition of interest, late charges and other charges on the debt.

19. This is a materially false statement that would lead any consumer to believe that they had to pay this debt to avoid having the amount of the debt increase, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012).

20. By sending the collection letter (Exhibit C) for a debt that was time-barred, and threatening to impose interest, late charges and other charges when none would, or could, be imposed, Defendants violated § 1692e of the FDCPA.

21. Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

22. Plaintiff adopts and realleges ¶¶ 1-14.

23. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

24. Defendants, by attempting to collect a time-barred debt and by threatening to impose interest, late charges and other charges when none could, or would, be imposed, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

25. Defendants' violation of § 1692f of the FDCPA renders them liable for

actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

26. Plaintiff, Karen Wood, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a delinquent, time-barred consumer debt, allegedly owed for a Household/Orchard Bank credit card, via the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

27. Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Wood, in their attempts to collect delinquent consumer debts from other consumers.

28. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent Plaintiff Wood.

29. Plaintiff Wood's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

30. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual

members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

31. Plaintiff Wood will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Wood has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Karen Wood, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Wood as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendants' form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Wood and the Class, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Karen Wood, individually and on behalf of all others similarly situated, demands trial by jury.

                                          Karen Wood, individually and on behalf of all others similarly situated,

                                          By: /s/ David J. Philipps
                                          One of Plaintiff's Attorneys

Dated:  April 24, 2015

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp   (Ind. Bar No. 19891-49)
5218 S. East Street, Suite E1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com